UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN L. GERMAINE,

                Plaintiff                 23-CV-01305 (PMH)

    -v-                                     **ORDER**

JAMES GIBB, et al.,

                Defendants.

PHILIP M. HALPERN, United States District Judge:

    Justin L. Germaine ("Plaintiff"), proceeding *in forma pauperis* and *pro se*, commenced this action on February 13, 2023 against James Gibb ("Gibb"), Ricardo Rosado ("Rosado"), Joshua Hager ("Hager"), Kevin Smith ("Smith"), Special Investigative Service Lieutenant John Doe ("Lt. Doe"), and the United States of America (together, "Defendants"). (Doc. 1). Plaintiff filed the Second Amended Complaint, the operative pleading, on December 13, 2023. (Doc. 34, "SAC"). The SAC, when reading the special solicitude to which *pro se* litigants are entitled, presses three claims for: (i) deliberate indifference to medical needs under *Bivens v. Six Unknown named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (ii) medical malpractice under the Federal Tort Claims Act ("FTCA"); and (iii) negligence under the FTCA. (*Id.*).

    Before the Court is Defendants' partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. 37; Doc. 38, "Def. Br."; Doc. 39; Doc. 40; Doc. 41; Doc. 42; Doc. 48, "Reply"). Defendants seek only to dismiss Plaintiff's *Bivens* claim and FTCA medical malpractice claim. (Reply at 2). Plaintiff filed his response to Defendants' motion on April 22, 2024 in which he "unequivocally and voluntarily dismiss[ed] Gibb, Rosado, Hager, and Smith" as defendants in this action. (Doc. 47, "Pl. Br." at

1). Plaintiff further "unequivocally and voluntarily dismiss[ed] any presumed claim as it pertains to medical malpractice against the medical staff at FCI Ray Brook." (*Id.*). Finally, Plaintiff requests that the Court dismiss his *Bivens* claim and FTCA medical malpractice claim. (*Id.* at 3-4).[1]

Accordingly, Defendants' partial motion to dismiss is GRANTED on consent of the parties.[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' partial motion to dismiss. Plaintiff's claims for deliberate indifference to medical needs under *Bivens v. Six Unknown named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and for medical malpractice under the Federal Tort Claims Act are dismissed. Plaintiff's claim for negligence under the FTCA against the United States shall proceed to discovery. Defendant United States shall file its answer to the SAC by May 31, 2024.

The Clerk of Court is respectfully directed to terminate James Gibb, Ricardo Rosado, Joshua Hager, Kevin Smith, and Lt. John Doe as defendants to this action. The Clerk of Court is also directed to terminate the motion pending at Doc. 37.

---

[1] Plaintiff, in response to Defendants' motion to dismiss, also argues that because Defendants "chose to remain silent regarding Plaintiff's claims of negligence by its officers" that they therefore "necessarily agree[] with Plaintiff's allegations of negligence by officers in the employ of the United States." (Pl. Br. at 2). Clearly Defendants do not concede liability on claims not at issue in their partial motion to dismiss.

[2] The parties do not address Lt. Doe in the motion to dismiss briefing. Plaintiff, in response to Defendants' motion to dismiss, voluntarily withdraws all his claims except his claim for negligence "by agents who were representing the United States as officers of the Bureau of Prisons." (Pl. Br. at 1-2). Under the FTCA, Plaintiff may assert claims against the United States, based on the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). "The proper defendant in an FTCA claim is the United States, not individual federal employees." *Jackson v. Stewart*, No. 22-CV-07476, 2022 WL 16950009, at *2 (S.D.N.Y. Nov. 14, 2022). The only remaining claim in this action is for negligence under the FTCA against the United States of America. Lt. Doe, an individual federal employee, is not a proper defendant. Accordingly, the Court, *sua sponte*, dismisses Lt. John Doe from this action.

**SO ORDERED.**

Dated: White Plains, New York
       May 15, 2024

_____
PHILIP M. HALPERN
United States District Judge